# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAWRENCE H. KONECNY,            )
                                )
            Plaintiff,          )
                                )   Case No. 13-2369-KHV-KGG
vs.                             )
                                )
BNSF RAILWAY COMPANY,           )
                                )
            Defendants.         )
_____ )

## MEMORANDUM & ORDER

Now before the Court is Plaintiff's Motion to Compel. (Doc. 17.) Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion.

## BACKGROUND

This is an employment discrimination claim brought pursuant to Title VII o the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42. U.S.C. §1981. (Doc. 1.) Plaintiff contends that he was removed from his position as Senior Manager, Training & Technical Support because of his age, race, and sex in violation of these federal statutes. Further, he contends that the reason given – that "he supposedly had been

dishonest by failing to disclose his adult daughter's relationship with William Maintz, who was hired in early 2012 to work in a position that reported to [Plaintiff]" – is pretextual. (Doc. 17, at 2-3.) Plaintiff contends that he disclosed that his daughter was "a very close friend" of Mr. Maintz prior to Maintz being hired and that he "was recused from Mr. Maintz' interview" as a result. (*Id*.) Plaintiff's daughter and Maintz were ultimately married, which Plaintiff contends he "promptly disclosed . . . pursuant to [Defendant's] Code of Conduct reporting process and . . . to HR Director Tamala Cleaver." (*Id*., at 3.) Ms. Cleaver subsequently "launched an 'investigation' into [Plaintiff's] 'honesty,'" which lead to his removal from the management position he held. (*Id*.)

## DISCUSSION

**A.   Standards for Motions to Compel.**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both relevant and nonprivileged to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible

2

evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).

Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not

require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995). Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Id*., 650.

"Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n. 36 (D.Kan.2004) (citing *Hammond v. Lowe's Home Ctrs., Inc*., 216 F.R.D. 666, 670 (D.Kan. 2003)); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonnino*, 221 F.R.D. at 670–71 (internal citation omitted).

B. **Discovery Requests at Issue.**

  1. **Interrogatories Nos. 11-12 and Requests Nos. 28-29.**

Interrogatories Nos. 11 and 12 seek the identification of all charges of discrimination, lawsuits, or arbitration proceedings filed against defendant that include a claim of race or age discrimination, "within the areas of responsibility of any of the individuals identified in response to Interrogatory No. 1."[1] (Doc. 17-1, at 6-7.) Requests for Production Nos. 28 and 29 seek miscellaneous personnel information regarding such individuals. (Doc. 17-2, at 10-11.) Defendant objects that the interrogatories are "overly broad, unduly burdensome and not calculated to lead to the discovery of relevant evidence to the extent [the requests] essentially seek[s] company-wide information regarding individuals who are not similarly situated to plaintiff or who are raising allegations distinct from those raised by plaintiff in this case."[2] (Doc. 17-1, at 6-7.)

The Court finds Defendant's objections regarding the "company-wide" nature of the discovery requests to be unpersuasive. Plaintiff has limited the context of his requests to the areas of responsibility for the individuals who were chosen *by Defendant* to be the decision-makers. For Defendant to now complain

---

[1] Interrogatory No. 1 requested the identities of the persons "who participated in the decision to terminate plaintiff's employment . . . ." (Doc. 17-1, at 1.)

[2] Defendant raises additional objections in response to the document requests, but does not address them in its briefing. As such, those objections are waived. ***Paolucci v. Render Kamas Law Firm***, No. 12-1253-MLB-KGG, 2013 WL 3189082, *1 (D. Kan. June 21, 2013).

5

that these individuals' areas of responsibility are too vast is disingenuous, particularly given Defendant's admission that the decision regarding Plaintiff's employment was a "'collective' decision" by these individuals.  (Doc. 25, at 5.) Plaintiff's motion is **GRANTED** in regard to Interrogatories Nos. 11-12 and Requests Nos. 28-29.

### 2. Request for Production Nos. 16-18.

These document requests seek email between Tamala Cleaver, Ruth Huning, and Scott Shafer.  (Doc. 17-2, at 6-7.)  Ms. Cleaver's involvement is discussed above.  According to Plaintiff, Mr. Shafer was Plaintiff's supervisor and Ms. Huning is "an HR representative who was involved in the hiring of Mr. Maintz and who relayed Ms. Cleaver's 'justification directive' to [Plaintiff]."  (Doc. 17, at 5.) In the underlying discovery response, Defendant objects that the requests call for documents protected by the attorney-client privilege and the attorney work product doctrine.  (Doc. 17-2, at 6-7.)  Defendant also objects that the requests are "overly broad and unduly burdensome in that [the requests] would encompass everyday business communication of no relevance to this lawsuit."  (*Id.*)  In response to Plaintiff's motion, Defendant has "agreed to provide all non-privileged e-mails between Huning, Cleaver and Schaefer regarding plaintiff and the investigation into his inappropriate behavior."  (Doc. 25, at 7.)

6

As stated above, Defendant has "must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each [discovery request] is objectionable." *Sonnino*, 221 F.R.D. at 670-71 (D.Kan.2004) (internal citation omitted). Defendant has made no effort to describe how providing all of the requested emails would be unduly burdensome. This objection is **overruled**.

Defendant has, however, established that the information implicated would be overly broad as these individuals "communicated . . . about virtually every human resources related matter at the [Technical Training Center]" where Plaintiff worked. (Doc. 25, at 6.) Obviously, a significant portion of this material would have no relation to Plaintiff or his claims. Plaintiff contends that this additional information will shed light on topics such as "the relative seriousness and single-mindedness (or lack thereof) with which other situations were handled; Ms. Cleaver's behind-the [sic] scenes control of personnel decisions; and . . . the nature of the relationships between these key witnesses (were they friendly, strictly professional, hostile, argumentative?)." (Doc. 17, at 5.)

Plaintiff also argues that email "regarding *other* matters and dealings" between these three individuals "are very relevant because they will provide a point of reference to determine whether there was anything unusual about the

handling of Mr. Maintz's hiring and the investigation of Mr. Konecny." (Doc. 26, at 3 (emphasis in original).) Despite Plaintiff's arguments, the Court finds the relevance of *all* email between these three individuals to Plaintiff's claims to be tenuous at best. Plaintiff should be able to glean relevant information from non-privileged a) email regarding or referencing Plaintiff, his employment, and his removal from the management position; b) email regarding or referencing Mr. Maintz (including, but not limited to, his interview process, selection, hiring, and job performance); c) email regarding or referencing the individual hired to replace Plaintiff (including, but not limited to, the interview process, selection, hiring, and/or job performance of this individual); d) email regarding or referencing any and all individuals considered and/or interviewed as Plaintiff's replacement; and e) email regarding other management-level employees who have made complaints of sex, age, and/or race discrimination. Plaintiff's motion is, therefore, **GRANTED in part** and **DENIED in part** in regard to Requests Nos. 16-18.

    3.    **Request for Production No. 24.**

This document request seeks various categories of information regarding the individual who replaced Plaintiff. Defendant responded to Plaintiff's motion that it "objected to producing the requested documents because plaintiff was not removed from his management position due to performance issues; rather, he was removed

due to dishonesty in his handling of the events leading up to the hiring of his daughter's boyfriend, who later became plaintiff's son-in-law." (Doc. 25, at 7.) Defendant also objects in its response brief that the request is overly broad and seeks irrelevant information. In reality, however, Plaintiff did not raise these objections in the underlying discovery response to Request No. 24. Rather, Defendant objected that the request calls for documents protected by the attorney-client privilege and the attorney work product doctrine, that the request is "vague and ambiguous" as to the use of the terms "coaching or counseling" and "termination," and that the request constitutes "an undue invasion of the privacy of individuals who are not parties to this lawsuit." (Doc. 17-2, at 8.) Because Plaintiff did not raise the objections contained in its responsive brief when it responded to the underlying discovery requests, the objections have been waived. *Paolucci*, 2013 WL 3189082, at *1. Plaintiff's motion is, therefore, **GRANTED** in regard to Request No. 24.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 17) is **GRANTED in part** and **DENIED in part** as more fully set forth herein. The documents to be produced by Defendant in compliance with this Order shall be provided to Plaintiff's counsel **within 30 (thirty) days of the date of this**

**Order**.

Dated at Wichita, Kansas, on this 20th day of June, 2014.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge